# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2022

Lyle W. Cayce
Clerk

No. 21-20623
Summary Calendar

Percy Utley,

*Plaintiff—Appellant,*

*versus*

City of Houston; Art Acevedo; John Doe Officers,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1907

Before Southwick, Oldham, and Wilson, *Circuit Judges.*

Per Curiam:*

Percy Utley filed suit under 42 U.S.C. § 1983 against the City of Houston, Houston Police Chief Art Acevedo, and John Doe Officers, for alleged violations of his First, Fourth, and Fourteenth Amendment rights that occurred when he was arrested during a protest following the death of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20623

George Floyd. The district court granted the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), concluding that Utley's first amended complaint was insufficient to state a claim and his proposed second amended complaint failed to cure the deficiencies. Utley appeals, contending that the district court erred by dismissing his complaint and by denying his motion to amend his complaint. We affirm.

We review the grant of a Rule 12(b)(6) motion to dismiss de novo. *Cousin v. Small*, 325 F.3d 627, 631 (5th Cir. 2003) (per curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because Utley's first amended complaint contains nothing other than conclusory allegations in support of his claims, the district court did not err in granting the defendants' motion to dismiss. *See Iqbal*, 556 U.S. at 678.

Utley's Fourth Amendment claim fails because there was probable cause to support his arrest. *See Deville v. Marcantel*, 567 F.3d 156, 164–65 (5th Cir. 2009). And Utley was not engaged in constitutionally protected activity when he was arrested—he was obstructing a roadway in violation of TEX. PENAL CODE § 42.03—so his First Amendment retaliation claim fails. *See Singleton v. Darby*, 609 F. App'x 190, 193 (5th Cir. 2015). Third, Utley did not support his Fourteenth Amendment claim with anything more than conclusory allegations insufficient to state a claim under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678; *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 441–42 (5th Cir. 2015). Finally, Utley's claim against the City of Houston fails because he does not identify any official municipal policy that caused the

2

No. 21-20623

alleged constitutional violations. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *see Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001).

We review Utley's contention that the district court erred by denying his motion for leave to amend his complaint for an abuse of discretion. *See Pervasive Software Inc. v. Lexware GmbH*, 688 F.3d 214, 232 (5th Cir. 2012). A district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). However, "[d]enying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2004)). An amendment is futile if it would not survive a Rule 12(b)(6) motion. *Id.*

We agree with the district court that Utley's proposed second amended complaint failed to cure the deficiencies in his first amended complaint and that allowing him further to amend his complaint would be futile. Accordingly, we discern no abuse of discretion in the denial of Utley's motion to amend. *See Marucci Sports, L.L.C.*, 751 F.3d at 378.

AFFIRMED.